USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/23/19



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

October 7, 2019

By ECF

The Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Raul Torres v. United States of America*, 19 Civ. 2784 (JGK)

Dear Judge Koeltl:

> *This later-filed case, 19 CV 7388, has been reassigned to this Court. That case should be consolidated with this case --- 19 CV 2784 --- for the reasons stated in this letter. So ordered.*
>
> *JGK/[signature]*
> *12/22/19  U.S.D.J.*

This Office represents the United States of America in this case. Pursuant to Federal Rule of Civil Procedure 42(a) and Rule 13 of the Southern District of New York's Rules for the Division of Business Among District Judges,[1] I write to respectfully request that the Court consolidate this action with a later-filed action before Judge Abrams involving the same motor vehicle accident as in this case, *Ndiaye v. United States*, No. 19 Civ. 7388 (RA) (S.D.N.Y. Aug. 8, 2019). Plaintiff Mr. Torres and the plaintiff in *Ndiaye*, Chiekh Ndiaye, have consented to this request through their respective counsel.

Consolidation of the two actions is proper in this instance. "Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions . . . when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "The trial court has broad discretion to determine whether consolidation is appropriate." *Id.* "So long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Linn v. Allied Irish Banks, PLC*, No. 02 Civ. 1738, 2004 WL 2813133, at *2 (S.D.N.Y. Dec. 8, 2004). Accordingly, courts have found that consolidation is proper where both actions arise from the same alleged misconduct, the plaintiffs assert similar claims, and substantial overlap exists as to the named defendants. *See Goodwin v. Anadarko Petroleum Corp.*, No. 10 Civ. 4905, 2010 WL 11469543, at *5 (S.D.N.Y. Nov. 16, 2010).

Such is the case here. Both this action and *Ndiaye* bring claims against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., arising from a January 20, 2018,

---

[1] Subsection (c) of this Rule provides that a motion to consolidate cases should be brought "before the judge having the lowest docket number, with courtesy copies to be provided to the judge . . . having the case[] with the higher docket number[]."

multi-vehicle accident involving (among others) Messrs. Torres and Ndiaye, as well as a Federal Bureau of Investigation employee. *See* Dkt. No. 1 ("Compl."); Complaint, *Ndiaye v. United States*, No. 19 Civ. 7388 (RA) (S.D.N.Y. Aug. 8, 2019), ECF No. 4 ("Ndiaye Compl."). Moreover, the United States is a named defendant in both actions, and Mr. Torres has been named a defendant in *Ndiaye*. *Compare* Compl. *with* Ndiaye Compl. Consolidation of the two cases would serve the interests of justice and judicial economy by (among other things) avoiding the potential for inconsistent rulings on liability and other issues, and permitting the parties to take discovery on a unified timetable.

Although the two actions are in different stages of litigation, any such differences are minimal and do not pose a bar to consolidation. *See, e.g.*, *Liegey v. Ellen Figg, Inc.*, No. 02 Civ. 1492, 2003 WL 21688242, at *2 (S.D.N.Y. July 18, 2003) (Chin, J.) (different stages of litigation in two cases does not "warrant denying the motion" where "[t]he two cases can be put on the same track with little difficulty"); *Monzo v. American Airlines, Inc.*, 94 F.R.D. 672, 673 (S.D.N.Y. 1982) ("The fact that the cases are at different discovery stages is not fatal to the consolidation motion."). *Ndiaye* is still at the pleadings stage, where the Government's response to the complaint is due on October 28, 2019. This case, in turn, is in the early stages of discovery, such that once the Government has responded to Mr. Ndiaye's complaint, the parties in both actions may jointly propose a revised scheduling order to set discovery on a single schedule. Further, since all parties consent, consolidation is unlikely to be difficult or prejudicial to any party.

For the foregoing reasons, the Government respectfully requests that the Court consolidate this action with *Ndiaye*. I thank the Court for its attention to this request.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: */s/ Casey K. Lee*
CASEY K. LEE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2714
Fax: (212) 637-2686
casey.lee@usdoj.gov

cc: Plaintiff's counsel (by ECF)
Counsel for Chiekh Ndiaye (by ECF in *Ndiaye*)
The Honorable Ronnie Abrams (by ECF in *Ndiaye*)